DOMINGO FALAGÁN Y LOBATO, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 788. Submitted November 9, 1929.—Decided January 17, 1930.

*J. Sabater*, for appellant.   The registrar appeared by brief.

Mr. Justice Texidor delivered the opinion of the court.

It appears from the briefs and the document sought to be recorded that Domingo Falagán y Lobato, by deed of October 1, 1929, sold to the firm of Falagán & Co., *S. en C.*, a limited partnership, of which the vendor was at the time a managing or general partner, two pieces of urban property. In the deed Domingo Falagán appeared as vendor for himself, and also as purchaser, in his representative capacity, for the partnership.

A copy of the instrument having been presented for record in the Registry of Property of Mayagüez, the registrar refused to record it, by the following decision:

"The record of the foregoing instrument, which is deed of sale No. 179, executed in this city on October 1st of the current year before notary José Sabater y García, is denied and the proper cautionary notice has been entered instead in favor of the purchasing firm, for the statutory period of 120 days at the margin of the description of each piece of property, on the ground that under the civil law the contract embodied in the said deed is nonexistent for lack of the element of consent, which essentially consists in the meeting of two different minds, since Falagán could neither legally nor psychologically grant such consent to himself in his double capacity as vendor in his own behalf and as purchaser for the partnership; and on the further ground that even admitting the existence of the contract, said contract was entered into in violation of section 1362 of the Civil Code, and is void in accordance with section 4 of that code, inasmuch as the said Falagán had no authority to pay for his individual property with property belonging to the partnership of which he was a member, intrusted with the management of its affairs."

The present appeal has been taken by Domingo Falagán from the above decision. As to the second ground of refusal, the decision is erroneous. Section 1362 of the Civil Code of Porto Rico prohibits the *purchase* by agents of property, the administration or sale of which may have been intrusted to

them. Falagán, in his capacity as agent of the firm of Falagán & Co., *S. en C.*, had not acquired by purchase from the firm any property whose administration or sale had been intrusted to him. The case does not fall within the scope of subdivision 2 of the cited section.

As regards the first ground of refusal the registrar is right. It is true that the firm of Falagán & Co., *S. en C.*. has a personality distinct from its members. But precisely one of the principal differences between natural and juridical collective persons lies in the *manner* of giving consent. As regards the individual, his own determination, manifested by himself, is the usual way. In the case of juridical collective persons the resolution and consent can be expressed only through one of their members or managers. The fiction concerning the partnership personality does not go as far as the appellant thinks.

In the present case Domingo Falagán makes an offer and Domingo Falagán accepts it. This would be indeed a unique case of consent. There is no *meeting of the minds,* because there is only one mind which at once resolves and moves the will. Whatever the force of a legal fiction, it can not overcome the natural laws.

In *Eastman et al.* v. *Wright et al.,* 6 Pick. (Mass.) 316, 320, the court said:

" . . . . But it is a first principle, that in whatever different capacities a person may act, he never can contract with himself, nor maintain an action against himself. He can in no form be both obligor and obligee."

The above legal doctrine is essentially the same as that laid down in *Gorham* v. *Mencham,* 22 Atl. 572.

No contract is found to exist in the present case, for lack of the essential element of consent.

The case of *Oxíos* v. *Registrar,* 39 P.R.R. 404 differs from the one at bar in its essential facts.

The decision of the Registrar of Property of Mayagüez is affirmed as regards its first ground and reversed otherwise.